### AVERY v MABEY *et al.*

*(Supreme Court, General Term, Third Department.* December 8, 1891.)

WILLS—ACTION TO CONSTRUE—PARTIES.

Where an administrator doubts the power of a legatee, under provisions of the will, to dispose of bonds bequeathed by the testator, his remedy is by action to recover the same from the transferees of the legatee, and he cannot maintain an action for the construction of the will, making the transferees parties, to determine the validity of the transfer to them.

Appeal from circuit court, Albany county.

Action by James B. Avery, administrator of John C. Dean, deceased, against Hannah Mabey and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before LEARNED, P. J., and MAYHAM and KELLOGG, JJ.

*Tracey & Cooper, (James F. Tracey,* of counsel,) for appellants. *Wm. R. Tanner, (J. H. Clute,* of counsel,) for respondent.

LEARNED, P. J. This action is in the form of one brought to construe a will, and to advise the administrator; but it is practically an action to find out whether the plaintiff or the defendants own certain bonds which they claim adversely to him. There is nothing for the administrator to do as to which he needs, or shows that he needs, any advice. If the bonds belong to him, he can sue the defendants for them, and recover the possession. Of course he would do this at the risk of paying costs if unsuccessful; but that risk does not authorize him to come into this court, and, under pretense of asking a construction of the will, obtain an opinion whether it would be safe or not for him to sue the defendants. There is nothing in the will as to which he needs any advice. Mrs. Dean, to whom the real and personal estate of the testator was given for life, and who is claimed to have had a still greater interest, has parted with certain bonds which these defendants now have. The plaintiff says she gave the bonds to them. Their answer says the bonds were transferred for a valuable consideration. The plaintiff claims that such bonds now belong to him, as administrator. The defendants claim they belong to them. The plaintiff has no need of advice as to what he shall do with the property of the testator. That is all plain according to the will, and he does not state any doubt upon that point; but he says he does not know whether Mrs. Dean had the right to give away this property, and he wishes the court to tell him. The true way to find that out is to sue the defendants for the property.

The defendants demurred on the ground that causes of action had been improperly joined. The demurrer was overruled on the ground that they had an interest in the matter, and that the allegations were not to constitute an independent action for the conversion of the bonds. They answered over, and alleged a transfer of the property to them, for a valuable consideration. On the trial the only evidence on this point was that it was admitted that

they asserted that they held these bonds as a gift, and it was conceded that they claimed to hold them for value; and it was adjudged that the bonds belonged to the plaintiff, as administrator. Now it is evident that, as to the ownership of these bonds, some proof was necessary before it could be determined whether or not these defendants were the rightful owners. It does not appear that Mrs. Dean gave them this property, nor are the circumstances of the transfer shown.

It is the well-known right of an administrator or other trustee to ask the advice of the court as to his duty, when he is in doubt what he ought to do, and cannot safely proceed without advice, but the plaintiff has not brought himself within the rule. The question here is not as to the duty of the administrator, but as to the rights which Mrs. Dean, now deceased, had in her life, and whether, under those rights, the defendants own the property in question. These defendants, therefore, have been made to litigate their title to certain personal property which is in their possession and claimed by them, without the privilege of recovering their costs against plaintiff if he should prove to have sued them without good cause. Their rights may depend largely on the facts of the transaction by which they obtained these bonds, but those are not facts material to the construction of the will; and where the plaintiff has abundant remedy by an ordinary action at law to recover this property if he is entitled to it, we think that he should not come into this court, under the form of an action to construe a will, in order to have the court say that defendants have no title to such personal property. Some remarks of the court of appeals in *Bailey* v. *Briggs,* 56 N. Y. 407, at 413, will illustrate our meaning. We therefore think it is best not to express any opinion as to the extent of the rights which Mrs. Dean had under the second clause of the will, explained by the third and fourth clauses, but we simply reverse the judgment, and dismiss the complaint, with costs. All concur.